### Davis v. School District in Haverhill.

Counsel claimed to appear for a school district under authority from a vote of the district; the plaintiff offered evidence that at a subsequent meeting of the district such authority was revoked:—

Held, that it was competent for the counsel claiming to appear for the defendants, to show that the vote of revocation was passed by illegal votes.

A school-district meeting, called to see if the district will vote not to defend a suit brought against them for labor and materials in building a school-house, is not a meeting "for raising money or building or repairing a school-house," within the meaning of section 2, chapter 222, of the Pamphlet Laws.

Assumpsit, for labor and materials in building a school-house for the defendants. N. B. Felton appeared for the defendants under a vote of the district for that purpose.

At a subsequent special meeting of the district, it was voted not to defend the suit, and the authority of Mr. Felton to appear was revoked; and the plaintiff produced a certified copy of the vote from the clerk of the district, and also the record, which was in due form, importing that the meeting which passed the vote was duly called and held for that purpose, unless it be a ground of objection that the meeting was notified by posting up a copy of the warrant calling the meeting, only twelve days prior to the day of meeting.

In reply to this it was proposed to prove that the vote not to defend, and to revoke the authority of Mr. Felton, was obtained and carried by illegal votes. And the questions were whether such evidence could be received as an answer; and whether the notice of the meeting, being only twelve days, was sufficient.

*Hibbard* (with whom was *Bryant*), for the plaintiff.

*Felton*, for the defendants.

Bartlett, J. As it may be shown that a suit is prosecuted without the consent of the plaintiff on the record (*Bank* v. *Fellows*, 28 N. H. 307; *Bridgton* v. *Bennett*, 10 Shepl. 422), it follows that the question of the authority of an attorney to appear for a party may be tried where it is properly raised. If the revocation of Mr. Felton's authority was passed by illegal votes, it is insufficient; and we do not see why this may not as well be examined as the legality of a town-meeting, where a tax is in question. *Osgood* v. *Blake*, 21 N. H. 550; *Rogers* v. *Bowen*, 42 N. H. 108. We do not think the record of the vote is conclusive in this case that it was passed by legal voters. *Sudbury* v. *Stearns*, 21 Pick. 148. The question here is not between third parties, but between Mr. Felton, who claims to have authority to appear, and the plaintiff, who denies that he has such authority. Such an inquiry may sometimes prove inconvenient, but that furnishes no sufficient objection to it. *Winship* v. *Conner*, 42 N. H. 341. The meeting was called to act upon the question of defending the suit, and revoking Mr. Felton's authority, and although the suit was for labor in building a school-house, we

do not think it a meeting "for raising money or building or repairing a school-house" within the meaning of the second section of chapter 222 of the Pamphlet Laws. The notice, therefore, appears to have been sufficient. How it might be if it had appeared that the transaction was in fact a fraudulent evasion of the statute, we need not inquire, as no such case is made here. It is, therefore, our opinion that the fact offered to be proved by Mr. Felton was competent, in answer to the alleged vote of revocation, and that upon the facts stated the notice was sufficient.